**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ADAN JOSE SIERRA-GUTIERREZ,

Petitioner,

v. Case No. 2:26-cv-03645 KWR-SCY

WARDEN, *Otero County Processing Center,*
MARKWAYNE MULLIN*, Secretary of the Department of Homeland Security, et al.,*
DAVID VENTURELLA, *Acting Director,* Immigration and Customs Enforcement,
MARY DE ANDA-YBARRA, *Field Office Director,*

Respondents.

**ORDER GRANTING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner asserted that his due process rights were violated in part because he was arrested without a warrant, without notice, or without an explanation for the basis for detention. He also asserts that his detention is not statutorily authorized. Respondents do not expressly oppose relief. Doc. 7 at 1 ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief.").

Petitioner is a citizen of Venezuela. He asserts he entered the United States in 2023. He is detained by ICE at the Otero County Processing Center. Doc. 1 at 2. He asserts that he was not arrested pursuant to a warrant and has not received any document explaining the basis or rationale

for his arrest or detention. He asserts that his detention is not statutorily authorized. For example, a noncitizen detained under 8 U.S.C. § 1226(a) must be arrested pursuant to a warrant and must receive a bond hearing. The record in this case does not suggest that he was arrested pursuant to a warrant or that he has received a bond hearing.

In response, Respondents do not oppose relief. They assert that "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." Doc. 7 at 1. Respondents do not disagree that his due process rights were violated, do not assert that there is any basis to detain Petitioner, and do not assert that he was arrested pursuant to a warrant. Respondents do not assert that Petitioner has a criminal history, or that he is a flight risk or danger to the community. Generally, the Court has authority to order release from unconstitutional detention. *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Therefore, the Court will grant the Petition and order release.

This order should not be construed to opine whether detention in the future is appropriate based on changed circumstances, such as if mandatory detention under § 1231 applies.

**IT IS THEREFORE ORDERED** that Petitioners' Petition (Doc. 1) is hereby **GRANTED** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioner.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order (doc. 2) is **DENIED AS MOOT**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE